**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RANDY ZAPATA,
                    Appellant,

          v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0353-10-0712-C-1

DATE: April 14, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Randy Zapata, Miami-Gardens, Florida, pro se.

John C. Oldenburg, Esquire, Memphis, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the compliance initial decision, which dismissed his petition for enforcement as voluntarily withdrawn. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We also have considered the appellant's petition as a request to reopen his withdrawn petition for enforcement under 5 C.F.R. § 1201.118, and we DENY his request.

¶2    On December 20, 2010, the appellant entered into a settlement agreement with the agency to resolve the underlying appeal, in which he alleged that the agency failed to restore him to duty in his position as an Automation Clerk at Pembroke Pines, Florida. *Zapata v. U.S. Postal Service*, MSPB Docket No. AT−0353-10-0712-I-1, Initial Appeal File (IAF), Tabs 13, 15. He subsequently challenged the validity of that agreement in a petition for review filed on August 17, 2011, in which he alleged that the agency fraudulently entered into the agreement knowing that it could not abide by its terms. *Zapata v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0712-I-1, Final Order at 2 (July 10, 2012). Namely, after the agreement was executed, the Department of Labor (DOL) contacted the appellant, who was receiving Office of Workers' Compensation Programs (OWCP) benefits, to discuss transferring him from his U.S. Postal Service position to a position outside of the U.S. Postal Service with a loss of wage earning capacity supplement.[2] *Id.* The appellant alleged that DOL

---

[2] Prior to settling the appeal, the appellant had contacted the OWCP regarding training assistance that would prepare him to be placed in a different job. IAF, Tab 13 at 6. In the settlement agreement, the agency promised to contact the OWCP and "attempt

attempted to violate his rights under the settlement agreement and that the agency attorney knowingly defrauded him and failed to negotiate in good faith. *Id.* In denying his petition for review, the Board found that the appellant had failed to put forth any evidence of fraud, noting that he had been informed that the agency could exercise no control over actions taken by other agencies such as DOL. *Id.*

¶3 Concurrent to filing the petition for review of the underlying appeal, the appellant filed the instant petition for enforcement. Compliance File (CF), Tab 1. He asserted that the agency "offered and entered an agreement on 12/20/2010 and they are now claiming that they can not do anything about what was agreed. This constitutes a fraudulent agreement." *Id.* at 3. The appellant voluntarily withdrew the petition for enforcement on October 17, 2011, CF, Tab 5, and the administrative judge dismissed it for lack of jurisdiction, CF, Tab 6, Compliance Initial Decision (CID). The finality date was November 21, 2011. CID at 2.

¶4 The appellant filed this petition for review almost 4 years later on November 17, 2015, requesting that the Board reinstate his petition for enforcement. Compliance Petition for Review (CPFR) File, Tabs 1, 3. Ordinarily, an appellant's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction. *Lincoln v. U.S. Postal Service*, 113 M.S.P.R. 486, ¶ 7 (2010). In the absence of unusual circumstances such as misinformation or new or material evidence or other extraordinary circumstances, such as an intervening court or OWCP decision, the Board will not reinstate an appeal once it has been withdrawn merely because the appellant wishes to proceed before the Board or to cure an untimely petition for review. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012).

¶5 Although his reasons for withdrawing his petition for enforcement are unclear, the appellant has not alleged that he did so involuntarily. He has not

to . . . speed up" that agency's review of his request. *Id.* The appellant acknowledged, however, that the OWCP was a separate agency and the U.S. Postal Service could not guarantee a more expeditious response. *Id.*

raised on review a genuine issue of fact as to whether he made a clear, unequivocal, and decisive act to relinquish his appeal rights. *See, e.g.*, *id.* (explaining that a relinquishment of one's right to appeal to the Board must be made by clear, unequivocal, and decisive action). The record shows that the appellant orally requested to withdraw his petition, and the administrative judge recorded that request[3] and dismissed the appeal. CID at 1. The administrative judge did not err in dismissing the appeal as withdrawn, and the appellant has not asserted any basis under 5 C.F.R. § 1201.115 for the Board to grant his petition for review. We thus deny his petition for review.

¶6        The appellant also has not alleged any unusual circumstances that might justify reopening his petition for enforcement. Instead, he alleges that the agency has violated the agreement by not placing him in a job pursuant to the provisions of his collective bargaining agreement, as he did in the petition for enforcement that he withdrew, and he enumerated several actions taken by DOL, which are outside the scope of the settlement agreement. CPFR File, Tab 3 at 4-5; CF, Tab 1 at 5; IAF, Tab 13 at 6-8. He has added a gloss to his earlier arguments by alleging that the agency has violated a clause in the U.S. Constitution prohibiting the impairment of contracts. CPFR File, Tab 3 at 4; *see* U.S. Const. art. I, § 10, cl. 1. Nevertheless, he has offered no reason that would support the reopening of his petition for enforcement, and we thus deny his request.

¶7        The appellant first filed this petition for review with the regional office. CPFR File, Tab 1. In some circumstances, the Board also has treated a request to reopen a withdrawn appeal that was filed with the regional office as a new, late-filed appeal. *See, e.g.*, *Lincoln*, 113 M.S.P.R. 486, ¶¶ 10-13. Here, the regional office transferred the appellant's filing to the Office of the Clerk of the Board, which acknowledged the filing and asked the appellant to clarify whether

---

[3] However, the compact disc upon which the administrative judge recorded his withdrawal is damaged beyond use. IAF, Tab 5.

it was intended as a petition for review. CPFR File, Tab 2. The appellant responded by filing an identical copy of his petition for review with the Clerk, as well as a letter requesting the reopening of his petition for enforcement. CPFR File, Tab 3 at 9. The appellant thus asked to proceed with a reopening request, and in any event, we find no compelling reason to forward this request for redocketing as a new petition for enforcement to be considered in the first instance by the administrative judge.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[4] Previously, the appellant filed a number of Board appeals challenging the agency's actions and those of the OWCP. *See Zapata v. U.S. Postal Service*, MSPB Docket No. AT-0752-15-0355-I-1, Initial Decision (Feb. 10, 2016) (dismissing appeal for failure to prosecute); *Zapata v. Department of Labor*, MSPB Docket No. AT-0752-15-0259-I-1, Initial Decision (Feb. 12, 2015) (dismissing appeal of OWCP decision to reduce his benefits for lack of jurisdiction); *Zapata v. U.S. Postal Service*, MSPB Docket No. AT-0353-15-0250-I-1, Initial Decision (Feb. 12, 2015) (dismissing appeal of OWCP decision to reduce his benefits for lack of jurisdiction); *Zapata v. U.S. Postal Service*, MSPB Docket No. AT-0752-14-0360-I-1, Final Decision (Dec. 23, 2014) (affirming dismissal for lack of jurisdiction an appeal of a reassignment without loss of pay).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.